# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| GALEN A. ROSSON, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 4:17-cv-01254-SGC |
| LOWE'S HOME CENTERS, LLC, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION[1]

Galen A. Rosson commenced this action against Lowe's Home Centers, LLC, in the Circuit Court of Marshall County, Alabama, asserting state law tort claims. (Doc. 1-1; Doc. 1-3). Lowe's removed the action to this district court on the basis of diversity jurisdiction. (Doc. 1).[2] Pending before the undersigned is Lowe's motion for summary judgment. (Doc. 16). For the reasons discussed below, the motion is due to be granted.

---

[1] The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 8).
[2] In its notice of removal, Lowe's alleges it is a citizen of North Carolina, Rosson is a citizen of Alabama, and the amount in controversy exceeds $75,000, exclusive of interest and costs. (Doc. 1 at 1-2).

## I. Facts[3]

Rosson fell while pushing a shopping cart in the garden section of Lowe's Guntersville, Alabama store on May 25, 2015. (Doc. 1-1 at 4; Doc. 1-3 at 6). She suffered a gash on her right leg, scratches on her left leg, and a shoulder injury. (Doc. 17-2 at 12, 17-3 at 5-10).[4]

At the time of her fall, Rosson told the store manager she had slipped on water. (Doc. 17-3 at 4, 8). Shortly after her fall, Rosson also told her treating physicians she had slipped on water. (Doc. 17-1 at 2). Rosson returned to the store a couple of weeks after her fall, having considered the mechanics of the accident and concluded water would not have caused her buggy to rear up as it did. (Doc. 17-2 at 14, 16-17; Doc. 17-3 at 1, 8). She wanted to see what could have happened to her shopping cart. (Doc. 17-3 at 8).

Rosson testified she knew the exact location where she fell and returned to that spot. (Doc. 17-3 at 8-9).[5] She observed a hole slightly larger than a half dollar in the concrete floor and took a photo. (*Id.* at 2; Doc. 17-2 at 16-17). She did not

---

[3] The following facts are undisputed, unless otherwise noted. They are viewed in the light most favorable to Rosson, as the non-movant, with Rosson given the benefit of all reasonable inferences.

[4] She received stitches for the gash on her right leg and underwent rotator cuff surgery and two months of physical therapy. (Doc. 17-2 at 12; Doc. 17-3 at 5-7, 10). She has scars on both legs and still experiences pain and a limited range of mobility in her shoulder. (Doc. 17-2 at 12; Doc. 17-3 at 10-12).

[5] Lowe's emphasizes Rosson responded affirmatively when asked during her deposition whether it was correct she did not know the location of her fall to the inch. (Doc. 17-3 at 9).

2

observe the hole at the time of the accident or see her cart strike the hole, although she did feel the cart jar. (Doc. 17-3 at 8-9).

When asked during her deposition how she knows her cart did not strike a rock, piece of pine bark, or other object dropped by another customer, she responded that could have happened. (*Id.* at 9). When asked whether her fall could have been caused by any number of things, she responded that was possible. (*Id.*). When further pressed as to whether her theory of causation could be wrong, she testified, "I know what happened. . . . I know the feel and what happened." (*Id.* at 10). She also testified, "It happened so quickly. . . . I – I didn't know what to think. I was in a daze." (*Id.*).

In her amended complaint filed in state court on July 14, 2017, Rosson asserts against Lowe's traditional negligence and wantonness claims; negligent and wantonness claims under a theory of premises liability; and a negligent, reckless, and wanton supervision and training claim. (Doc. 1-3 at 7-9). Lowe's seeks summary judgment on these claims on the ground Rosson has produced no more than speculative evidence as to the cause of her fall. (Doc. 16).

**II. Standard of Review**

Under Rule 56 of the Federal Rules of Civil Procedure, "[t]he [district] court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The party seeking summary judgment bears the initial burden of informing the district court of the basis for its motion and identifying those portions of the record the party believes demonstrate the absence of a genuine dispute as to a material fact. *Celotex Corp.*, 477 U.S. at 323. If the moving party carries its initial burden, the non-movant must go beyond the pleadings and come forward with evidence showing there is a genuine dispute as to a material fact for trial. *Id.* at 324.

The substantive law identifies which facts are material and which are irrelevant. *Anderson*, 477 U.S. at 248. A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-movant. *Id.* at 248. If the evidence is merely colorable or not significantly probative, summary judgment is appropriate. *Id.* at 249-50 (internal citations omitted). All reasonable doubts about the facts should be resolved in favor of the non-movant, and all justifiable inferences should be drawn in the non-movant's favor. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

## III. Discussion

Causation is a common element of traditional negligence and wantonness claims, as well as negligence and wantonness claims brought under a theory of premises liability. *See Martin v. Arnold*, 643 So. 2d 564, 567 (Ala. 1994)

4

("Proximate cause is an essential element of both negligence claims and wantonness claims."); *Ex parte Harold L. Martin Distrib. Co., Inc.*, 769 So. 2d 313, 314 (Ala. 2000) ("In [a] premises-liability case, the elements of negligence are the same as those in any tort litigation: duty, breach of duty, cause in fact, proximate or legal cause, and damages." (internal quotation marks omitted)); *Logan v. Winn-Dixie Atlanta, Inc.*, 594 So. 2d 83, 84 (Ala. 1992) (holding that to recover in a premises-liability action based on a fall, "[the plaintiff] must prove that her fall resulted from a defect or instrumentality located on the premises, that the fall was a result of the defendants' negligence, and that the defendants had or should have had notice of the defect or instrumentality before the accident."); *Hooks v. Dollar General Corp.*, 2015 WL 6964289, at *3 n.6 (M.D. Ala. Nov. 10, 2015) (explaining difference between traditional negligence claims and negligence claims brought under a theory of premises liability).

Evidence amounting to speculation is insufficient to support the element of causation. *See Ex parte Harold L. Martin Distrib. Co.*, 760 So. 2d at 315 ("Alabama juries are not permitted to *speculate* as to the cause of an accident." (emphasis in original)); *Logan*, 594 So. 2d at 84-85 ("Evidence which affords nothing more than speculation, conjecture, or guess is wholly insufficient to warrant submission of a case to the jury." (internal quotation marks omitted)); *Cawthon v. Dolgencorp, LLC*, 2011 WL 814496, at *2 (S.D. Ala. Mar. 2, 2011)

("The plaintiff must offer more than speculation as to what caused his fall in order to survive summary judgment."). " '[W]here evidence points equally to inferences both favorable and unfavorable to the moving party[,] [] it lacks probative value; and its use to support one inference more than another, when in fact it will support both with equal plausibility, becomes mere conjecture and speculation.'" *Springfield Missionary Baptist Church v. Wall*, 993 So. 2d 469, 476 (Ala. Civ. App. 2008) (quoting *Roberts v. Carroll*, 377 So. 2d 944, 947 (Ala. 1979)).

Alabama courts have addressed what constitutes speculation regarding the cause of a fall in a premises liability action on multiple occasions. In *Logan*, the plaintiff testified she did not know what caused her to slip but suggested it might have been wet paint because she found paint on her shoe after returning home from the emergency room. 594 So. 2d at 84. The Alabama Supreme Court held the plaintiff's theory of causation was speculative absent evidence the location where she fell had been painted on the day of the accident and, therefore, summary judgment on the negligence claim the plaintiff asserted under a theory of premises liability was proper. *Id.* at 85.

In *Ex parte Harold L. Martin Distrib. Co.*, the plaintiff testified she did not see what she tripped on but thought it was the curb because "[t]here was nothing else there." 769 So. 2d at 315. The Alabama Supreme Court held the "unavoidable conclusion" drawn from the testimony was that the cause of

plaintiff's fall was "pure speculation" and, therefore, summary judgment on the negligence claim the plaintiff asserted under a theory of premises liability was proper. *Id.* at 315-16.[6]

In *Ervin v. Excel Properties, Inc.*, the plaintiff fell as she was descending the steps outside her apartment. 831 So. 3d 38, 41 (Ala. Civ. App. 2001). She testified her foot hit something (she did not know what), her body twisted, and she fell to the ground. *Id.* at 41-42. She attributed her fall to the condition of the steps, which she described as having loose concrete and protruding metal framing. *Id.* at 42. The state appellate court affirmed summary judgment as to the plaintiff's negligence claim brought under a theory of premises liability on the ground the plaintiff had not produced sufficient evidence of causation. *Id.* at 45. The court reasoned that while the plaintiff had advanced one possible theory regarding the cause of her fall, more than one plausible explanation existed. *Id.*

In *Shanklin v. New Pilgrim Towers, L.P.*, the plaintiff fell as she stepped into an elevator at her independent-living facility. 58 So. 3d 1251, 1253 (Ala. Civ. App. 2010). An employee of and a visitor to the facility, who heard but did not see the plaintiff fall, each observed the elevator was not level with the floor when they

---

[6] Rosson characterizes *Ex parte Harold L. Martin Distrib. Co.* as holding the plaintiff failed to present evidence linking the cause of her fall to the technical ways in which the area where she fell was not in compliance with the Americans with Disabilities Act, not that the plaintiff did not know what caused her fall. (Doc. 18 at 2-3). The undersigned is not convinced this case should be so narrowly construed. Regardless, ample other binding and persuasive precedent, discussed herein, supports the conclusion of this memorandum opinion.

7

arrived at the scene of the accident. *Id.* The plaintiff testified she did not know what caused her fall but believed it was the "misleveled" elevator based on the visitor's statements to her after the accident. *Id.* at 1256-57. The state appellate court held this evidence regarding the cause of the plaintiff's fall was insufficient to support the negligence and wantonness claims she asserted under a premises liability theory because it equally supported competing inferences (i.e., that she tripped on the "misleveled" elevator and that she simply tripped for no apparent reason). *Id.* at 1257-58.

Relying on *Logan*, *Ex parte Harold L. Martin Distrib. Co.*, *Ervin*, and *Shanklin*, an Alabama federal district court has held a plaintiff's theory of causation was speculative and, therefore, insufficient to support the negligence and wantonness claims the plaintiff asserted under a premises liability theory where the plaintiff testified he did not know what caused him to trip and fall but it must have been the counter at the defendant's premises because "that's the only thing that was there." *Cawthon, LLC*, 2011 WL 814496, at *2-3. The court reasoned the plaintiff's evidence that he fell in the area of the counter supported with equal plausibility the competing inferences he tripped over the counter and he simply tripped for no reason. *Id.* at 3.

Rosson did not observe the hole in the floor at the time of the accident. She observed the hole a couple of weeks later after considering the mechanics of the

8

accident and how the accident felt – presumably, she means the jarring sensation – and returning to the store to investigate possible causes of her fall. This evidence of causation is insufficient under the foregoing, binding and persuasive precedent. Even assuming Rosson returned to the exact spot where she fell, her after-the-fact conclusion the hole caused her fall amounts to no more than speculation, absent evidence the hole was present at the time of the fall weeks earlier. *See Logan*, 594 So. 2d at 85 (after-the-fact theorization as to cause of accident amounts to no more than speculation); *Shanklin*, 58 So. 3d at 1257-58 (same). She has advanced a possible theory of causation, but one that, without additional evidence, shares equal plausibility with other possible theories (e.g., her shopping cart struck a rock or other object dropped by another customer). *See Ervin*, 831 So. 3d at 45 (evidence of possible cause of fall is insufficient to support tort claim where more than one plausible explanation exists); *Shanklin*, 58 So. 3d at 1257-58 (evidence that equally supports competing inferences is insufficient to support tort claim); *Cawthon*, 2011 WL 814496, at *3 (same).

Rosson emphasizes she testified she knows what caused her to fall (i.e., her shopping cart striking the hole). (Doc. 18 at 1-3). The confident assertion of speculation does not transform it into probative evidence. Rosson also argues her case is more akin to *Stephens v. City of Montgomery*, 575 So. 2d 1095 (Ala. 1991), than to the cases discussed above. (Doc. 18 at 3-4). In *Stephens*, a woman tripped

9

on a sidewalk and fell. 575 So. 2d at 1096. The Alabama Supreme Court held the evidence a defect in the sidewalk caused the woman's fall was sufficient to survive summary judgment where a passerby saw the woman immediately after the accident, determined where he thought she fell based on where he observed her lying on the sidewalk, and observed the sidewalk at the point where he calculated she fell was uneven. *Id.* at 1096-97. Because this kind of contemporaneous observation is absent from Rosson's case, *Stephens* is inapposite.

Because Rosson has offered no more than speculation regarding the cause of her fall, her traditional negligence and wantonness claims and her negligence and wantonness claims asserted under a theory of premises liability must fail. Moreover, because maintenance of a negligent, reckless, or wanton training or supervision claim against an employer requires proof of underlying tortious conduct, that claim must fail as well. *See Jones Exp., Inc. v. Jackson*, 86 So. 3d 298, 304 (Ala. 2010) ("It has been stated generally that, in order for an employer to be liable for the negligent hiring, training, retention, and supervision of its employee, the plaintiff must also prove 'wrongful conduct' on the part of the employee."); *Thrasher v. Ivan Leonard Chevrolet, Inc.*, 195 F. Supp. 2d 1314, 1320 (N.D. Ala. 2002) ("In order to establish a claim against an employer for negligent supervision, training, and/or retention, the plaintiff must establish that the allegedly incompetent employee committed a common-law, Alabama tort."); *Smith*

*v. Boyd Bros. Transp., Inc.*, 406 F. Supp. 2d 1238, 1248 (M.D. Ala. 2005) (holding summary judgment on negligent or wanton training and supervision claim was due to be granted after determining underlying tort claims failed as a matter of law).

**IV. Conclusion**

For the foregoing reasons, Lowe's motion for summary judgment (Doc. 16) is due to be granted, and this action is due to be dismissed with prejudice. A separate final judgment will be entered.

**DONE** this 29th day of March, 2019.

STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE